JACOB GROPPER, PLAINTIFF-RESPONDENT, v. WILLIAM HOOVER, DEFENDANT-APPELLANT.

Decided June 17, 1927.

**Replevin—Motor Vehicle—Plaintiff Had Purchased From Same Vendor From Whom Defendant Had Formerly Negotiated a Purchase, but Had Rescinded Contract and Demanded Return of Money Paid on Ground of Misrepresentation on Part of Vendor—Defendant Claimed to Hold Vehicle as Bailee, Subject to Return of Money Paid Thereon—No Error Found in Giving Judgment on Ground That Only a Judgment For Value and Damages Can be Entered Where Defendant Rebonds Property Replevied—No Error in Execution of Bill of Sale to Plaintiff—Defendant's Equitable Rights in Vehicle Cannot Maintain Against the Rights of a Purchaser in Good Faith For Value Without Notice.**

On appeal from the First District Court of the city of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Green & Green* (*Harry Green*, of counsel).

For the respondent, *Saul & Joseph E. Cohn* (*Michael Silver*, of counsel).

PER CURIAM.

The following is an agreed state of the case brought before us for review on appeal from the First District Court of the city of Newark: "On June 4th, 1926, plaintiff commenced an action of replevin herein to recover possession of a Cleveland automobile from the defendant."

On behalf of plaintiff, testimony was adduced that the plaintiff obtained title to the automobile by purchase for value from Bush-Goerke Motor Company, a corporation, on June 2d, 1926; that on the same date said plaintiff served a written demand upon the defendant for possession of said auto-

mobile, said defendant having possession of the automobile at the time of the sale to plaintiff and at the time when demand was made, and that defendant refused to deliver automobile to plaintiff.

Plaintiff offered in evidence a bill of sale for said motor vehicle, said bill of sale bearing an assignment from said Bush-Goerke Motor Company to plaintiff, with two witnesses and an acknowledgment.

Defendant objected to the offer of the bill of sale in evidence, and also the assignments thereof, on the ground that said bill of sale was not in compliance with an act entitled "An act relating to and regulating the sale and purchase of motor vehicles, requiring presence of manufacturer's number on same, requiring issuance of bill of sale and assignment of same and providing penalties therefor," chapter 168, laws of 1919, page 357, as amended, in that the bill of sale purported to have been acknowledged by the Bush-Goerke Motor Company, but the certificate of acknowledgment bore the personal acknowledgment of Walter Goerke, the president of said company; the first assignment to the bill of sale was dated and sworn to on April 1st, 1925, but the certificate of acknowledgment bore date of June 2d, 1926.

The judge reserved his decision on receiving the bill of sale and assignments in evidence, and later received the same in evidence.

On behalf of defendant, testimony was adduced that the defendant purchased the automobile from Bush-Goerke Motor Company on or about April 15th, 1925, and paid $750 and gave a three months' note for balance of $450; that on June 30th, 1925, defendant commenced suit against the said Bush-Goerke Motor Company, in the Essex County Circuit Court, on two counts, namely—

In the first count plaintiff alleged that automobile was represented as a 1924-year model, when it was a 1923 model, and that by reason of said misrepresentation the defendant herein rescinded the purchase and demanded the return of his $750, and surrender of the notes for $450; and in the second count the defendant herein alleged the purchase of the

automobile as aforesaid; that said Bush-Goerke Motor Company agreed to deliver to plaintiff documents of title to said motor vehicle in conformity with the laws of this state; that said Bush-Goerke Motor Company refused to deliver to plaintiff such title documents or any bill of sale for such motor vehicle; that as a result, the consideration for the purchase of said motor vehicle wholly failed and that this defendant therefore rescinded the purchase and offered to return the motor vehicle to the Bush-Goerke Motor Company upon repayment of the purchase price, but the Bush-Goerke Motor Company refused to repay the same and/or accept the return of said motor vehicle.

The defendant herein was nonsuited on the first count, but the court directed a verdict in his favor on the second count, holding that title had not passed from Bush-Goerke Motor Company to defendant herein under said bill of sale and assignment.

Said Bush-Goerke Motor Company had also commenced an action to recover for the $450 note against the defendant herein which was tried with the above case, and the court also directed a verdict in favor of this defendant in said action.

On June 2d, 1925, this defendant issued an execution against the Bush-Goerke Motor Company, in the action in which recovered a judgment for $750 and costs, and on June 3d, 1925, the sheriff levied upon the automobile, which was still the possession of this defendant.

The judge reserved his decision, and on June 29th, 1926, entered a judgment in favor of the plaintiff for possession of the automobile.

The grounds of appeal relied on for a reversal are:

"1. The District Court erred in giving judgment for possession in favor of the plaintiff and against the defendant, defendant having retained possession of the goods and given bond to the constable.

"2. The District Court erred in receiving in evidence bill of sale and assignments for automobile in question.

"3. The District Court erred in giving judgment in favor of the plaintiff and against the defendant in that judgment

should have been given in favor of the defendant and against the plaintiff."

In support of the first ground, it is argued that judgment for possession of the automobile replevied is erroneous because only a judgment for value and damages can be entered where a defendant rebonds property replevied. This is clearly an erroneous conception of the law governing the subject in hand.

Section 138 of the District Court act (2 *Comp. Stat., p.* 1896) provides that "in all actions in replevin, except where the taking was as a distress for rent, if the property replevied shall have been delivered by the constable or sergeant-at-arms to the party against whom the issue of property shall be found, the party succeeding on such issue of property * * * may, instead of pursuing his remedy for the damages * * * apply to the court in which the action is pending for an order that the said goods be restored to him; and thereupon it shall be lawful for the court in its discretion to make an order that the said goods and chattels be delivered to the party in whom the property therein has been found."

This section is like in substance to section 26 of the Replevin act. 3 *Comp. Stat., p.* 4375. The legal effect of this section was settled in *Johnson* v. *Mason,* 64 *N. J. L.* 258, in which case Mr. Justice Van Syckel, speaking for the Court of Errors and Appeals (at *p.* 260), points out that the only judgment that can be rendered under section 10 of the Replevin act is for the value of the goods and damages as found by the jury, but that this remedy is cumulative, since it appears from section 26 of the Replevin act that the plaintiff may apply to the trial court for an order upon the defendant to restore the goods to him.

In the instant case, it appears that the trial judge, by virtue of section 138 of the District Court act, *supra,* made an order for the delivery by defendant of the replevied goods and chattels to the plaintiff. This was proper judicial action.

Next, it is argued that the bill of sale and assignment received in evidence were not in conformity with an act entitled "An act relating to, and regulating, the sale and pur-

chase of motor vehicles, requiring presence of manufacturer's number on same, requiring issuance of bill of sale and assignment for same, and providing penalties therefor." *Pamph. L.* 1919, *p.* 357.

The alleged defect in the bill of sale and assignment, as appears from the agreed state of the case, is that the bill of sale purported to have been acknowledged by the Bush-Goerke Company, whereas the certificate of acknowledgment bore the personal acknowledgment of Walter Goerke, president of said company.

The first assignment to the bill of sale was sworn to April 1st, 1925, but the certificate of acknowledgment bore the date of June 2d, 1926. It is conceded that the first assignment of the bill of sale to the motor company was defective in that it had not been acknowledged by Cohn. This omission, however, was supplied on June 2d, 1926, when the acknowledgment was taken and a certificate thereof attached.

We think there is no legal obstacle in the way of curing a defective acknowledgment, where it can be done without prejudice to the rights of third parties, for such an act rather bespeaks good faith. It is further urged that the assignment from Bush-Goerke Motor Company to Hoover is defective and cannot pass title and that the striking out of the defective assignment, without anything on the same to indicate that the alteration was made with the assent of the then holder vitiates the entire instrument. Assuming this to be true dogma, under the circumstances present in this case, the statement of the proposition reveals its puerility. The Motor company assigned to Hoover, and by reason of defective assignment no title was passed to him. Furthermore, it appears that Hoover had rescinded the contract. As a consequence, the title still remained in the Motor company. *Ergo,* by consent of the holder of the title, the defective assignment was stricken out. It was the Motor company which assigned the bill of sale to the plaintiff Gropper.

Lastly, it is argued that the appellant was the bailee of said automobile subject to secure repayment of $750 paid by him.

The defendant had rescinded the contract through which the automobile came into his possession. Any equitable rights he may have to the automobile cannot be successfully maintained against the right of a purchaser, in good faith for value and without notice of any equity of the defendant in the property claimed.

The trial judge found as a fact that the plaintiff was a purchaser in good faith for value and without notice of any equitable right existing in the defendant to the property.

Judgment is affirmed, with costs.